CHASEZ, Judge.
On January 19, 1965, the defendant, Willie Jacobs, while employed by the Veterans Administration and as a member of VAHNOLA FEDERAL CREDIT UNION (“VAHNOLA”), plaintiff herein, borrowed money from VAHNOLA and executed a renewal promissory note in the amount of $1,151.57, payable to the order of VAHNOLA, with interest at the rate of 1% per month. The note was payable in 36 installments of $38.28 each month, commencing March 9, 1965. In addition, the promissory note provided that in case payment shall not be made at maturity, the makers shall pay the cost of collection and attorney’s fees in an amount equal to 20% of the principal and interest due.
The defendant-appellant, Jesse B. Kingston, signed the note as a co-maker. In addition there was a pledge by Willie Jacobs of 83.64 shares of the VAHNOLA credit union as collateral. Jesse B. Kingston is not now and never was employed by the Veteran’s Administration.
On February 3, 1965, over a month before the first payment was due on the note, the defendant, Willie Jacobs, sustained injuries while in his employment which resulted in his being totally and permanently disabled.
At the time the note was executed there was in full force and effect a contract of insurance issued by Occidental Life Insurance Company of California (“Occidental”), appellee herein, in favor of Deposit Guaranty National Bank of Jackson, Mississippi, Trustee of the National Creditor-Debtor Group Insurance Trust Fund (“policy holder”) with certain Sub-Groups, including VAHNOLA, as insureds. The policy provided Term Life Insurance and Total and Permanent Disability Insurance for insured debtors of each Sub-Group.
In essence the policy provided if an employee member of the Credit Union was killed or permanently disabled while indebted to VAHNOLA the policy would pay VAHNOLA the principal amount of the debt plus up to six months interest.
On August 1, 1967, 30 months after Willie Jacobs became totally and permanently disabled, the claim for total and permanent disability benefits under the Occidental policy was approved and Occidental issued a check to VAHNOLA in the sum of $1,-125.60 representing the outstanding loan balance of Willie Jacobs as of the date of his disability.
Subsequently on August 15, 1967, Occidental issued a second check to VAHNO-LA in the amount of $62.22 representing six months interest on the outstanding balance of Willie Jacobs note as provided for by the terms of the policy.
During the 30 months between the accident and payment of the claim interest ran at the rate of 1% per month. Occidental paid six months interest under its policy.
On October 18, 1967, VAHNOLA instituted this suit against both Willie Jacobs and his co-maker Jesse B. Kingston individually and in solido for the unpaid interest due under the note, plus 20% attorney’s fees and all costs of the suit.
On December 6, 1967 Jesse B. Kingston filed an answer to VAHNOLA’s suit against him and filed a third-party petition against Occidental and against Willie Jacobs.
On January 15, 1968 Occidental answered Kingston’s third-party petition and admitted issuing a policy to VAHNOLA but denied the substance of Kingston’s third-party allegations.
On March 20, 1969, Occidental filed a motion for summary judgment to which *878 was attached a copy of the policy issued by Occidental to VAHNOLA, seeking to have Kingston’s third-party demand against it dismissed.
On April 11, 1969, the motion was heard and on April 25, 1969, the trial court, without written reasons, rendered summary judgment in favor of Occidental and against Kingston dismissing the third-party demand of Kingston. From this adverse judgment Jesse B. Kingston perfected a devolutive appeal to this court.
As was stated the court a quo gave no written reasons for its judgment. A reading of mover, Occidental’s memorandum in support of its motion for summary judgment indicates that the reason was because Jesse B. Kingston was not employed by VAHNOLA and was a stranger to the contract between VAHNOLA and Occidental and therefore had no right to seek indemnification from Occidental. Kingston filed no opposing documents to the motion.
However, in his brief to this court Kingston argues that the original maker of the note, Willie Jacobs, was a third-party beneficiary under the policy between Occidental and VAHNOLA and that because he, Kingston, is a solidary obligor on the note he should also be considered as a third-party beneficiary. He argues that as a third-party beneficiary of the policy he should have a right of indemnification from Occidental because had Occidental settled the claim immediately rather than allowing 30 months to pass before doing so, the interest of 1% per month would not have accrued and VAHNOLA would not have instituted suit against him for the accrued interest.
Kingston’s basis for assigning himself as a third-party beneficiary is LSA-C.C. art. 2098 which provides:
“A codebtor in solido, being sued by the creditor, may plead all the exceptions resulting from the nature of the obligation, and all such as are personal to himself, as well as such as are common to all the codebtors.
He can not plead such exceptions as are merely personal to some of the other codebtors.”
Assuming arguendo that Willie Jacobs is a third-party beneficiary, this article does not extend whatever rights he would have to Kingston. Kingston was not an employee of the Veteran’s Administration and was not a member of the VAHNOLA credit union. Any rights of Willie Jacobs under this article as a third-party beneficiary would be personal to him and would not, therefore, inure to Jesse Kingston. Additionally this article has reference to exceptions and defenses that may be raised and is not authority for instituting any affirmative action on the part of a co-debtor.
It is obvious that as a stranger to the contract of insurance between Occidental and VAHNOLA, Jesse Kingston is in no position to demand anything of Occidental.
Appellant, Kingston has also argued that Occidental’s failure or delay in paying the balance due under the claim was an act of omission and appellant should be allowed to recover under Article 2315 of the Civil Code. We reject this argument. Absent any contractual relationship between Occidental and Kingston there was no duty owed to Kingston, no standard of care that was breached.
For these reasons the summary judgment of the lower court in favor of third party defendant, Occidental Life Insurance Company of California, and against third-party plaintiff, Jesse B. Kingston, dismissing the third-party complaint of Jesse B. Kingston at his costs is affirmed. Costs of this appeal to be paid by third-party plaintiff-appellant.
Affirmed.